IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

KEITH ANTOINE JONES,

    Petitioner,

       v.

UNITED STATES OF AMERICA,

    Respondent.

CIVIL NO.:    WDQ-11-0641
CRIMINAL NO.:  WDQ-08-0441

\* \* \* \* \* \* \* \* \* \* \* \* \*

MEMORANDUM OPINION

On January 22, 2009, Keith Antoine Jones pled guilty to possession with intent to distribute cocaine base and heroin, and being a felon in possession of a firearm. ECF No. 21. He was sentenced to 188 months imprisonment. ECF No. 34. His motion to vacate his sentence, ECF No. 53, is pending. A hearing was held on February 23, 2012 to determine whether Jones asked his attorney to appeal Jones's sentence. For the following reasons, Jones will be granted a belated appeal. The Court will not reach his remaining issues.

I. Background

On April 15, 2008, Baltimore County Police Department detectives seized, pursuant to a warrant, 111.7 grams of heroin; gelatin capsules, baggies, sifters, scales, and cutting agents-- tools for packaging heroin for street-level distribution; over

$20,000; and a .45 caliber handgun, from Jones's apartment.  ECF No. 22 ¶4.[1]

On September 16, 2008, Jones was indicted for: (1) possession with intent to distribute five grams or more of cocaine base and a quantity of heroin (based on an earlier incident); (2) possession with intent to distribute 100 grams or more of heroin; and (3) being a felon in possession of a firearm.  ECF No. 7.

Creston Smith, Esq., represented Jones.  On January 22, 2009, Jones pled guilty to counts two and three of the indictment, pursuant to a plea agreement.  ECF Nos. 21, 22.  In the plea agreement, Jones admitted that he possessed with intent to distribute 111.7 grams of heroin and after being convicted of a felony, had knowingly possessed a firearm that had traveled in interstate commerce.  ECF No. 22 ¶¶2, 6.  He agreed that the adjusted offense level, before chapter 3 or 4 adjustments, was 28.  ECF No. 22 ¶6.  The parties disputed whether Jones was a career offender or armed career criminal.  *Id.* ¶¶6-7.

The government agreed to a three-level reduction in the offense level for acceptance of responsibility.  *Id.* ¶6.  It also agreed that if the Court found that Jones was a career offender or armed career criminal, the government would

---

[1] The facts in this paragraph were agreed to in the plea agreement.  ECF No. 22.

recommend a sentence within the advisory guidelines range.  *Id.*
¶9.

Jones waived his right to appeal a sentence "within . . .
the adjusted base offense level of 25 (31 if [he] is a career
offender or an armed career criminal)."  *Id.* ¶11.

Jones and Smith signed the plea agreement.  ECF No. 12 at
8.  Jones acknowledged that he understood and voluntarily agreed
to the plea agreement and did not wish to change any part of the
stipulation, as the stipulated facts were true.  *Id.*  Smith
represented that he had reviewed the agreement with Jones, and
Jones had told him he understood and accepted the terms, and was
signing the agreement voluntarily.  *Id.*  Jones repeated these
representations to the Court at his rearraignment.  ECF No. 46
at 11:11-18; 12:12-17.

On March 4, 2009, Jones petitioned for a Writ of Error
Coram Nobis in the District Court for Baltimore County, chall-
enging a 1999 resisting arrest conviction.  ECF No. 57 Attach.
5.  On March 17, 2009, Jones moved to postpone his sentencing
pending the results of the coram nobis petition.[2]  ECF No. 26.

---

[2] On March 3, 2009, Jones moved *pro se* to withdraw his guilty
plea, arguing that he had been forced to plead guilty because
Smith had failed to investigate Jones's charges and defenses,
and Jones was left without a defense.  He also argued that he
had been deceived into pleading guilty and did not realize he
would lose his right to appeal the sentence.  ECF No. 25.

On August 4, 2009, the District Court for Baltimore County declined to vacate the conviction. ECF No. 57 Attach. 5 at 5.

On June 1, 3, and 9, 2009, Jones petitioned for Writs of Error Coram Nobis in the Circuit Court for Baltimore City, challenging three attempted distribution and possession with intent to distribute convictions.[3]  ECF No. 57 Attach. 4.  On October 23, 2009, the Circuit Court declined to vacate the convictions. *Id.* at 12-13. With respect to his 2001 conviction, the court found that whether he was denied counsel was "not at issue before this court," but "any claim of ineffectiveness of counsel [is] very dubious in this case based upon the clear waiver made by Defendant to his right to counsel." *Id.* at 11.

On December 11, 2009, at sentencing, Smith unsuccessfully objected to the use of Jones's resisting arrest conviction as a crime of violence. ECF No. 46 at 4:5-8. Smith noted the

---

On June 1, 2009, Smith moved to withdraw as Jones's attorney. ECF No. 29. On July 20, 2009, the Court denied Smith's motion to withdraw. ECF No. 31.

[3] The convictions occurred in 2000, 2001, and 2003. ECF No. 57 at 2-3. With respect to the 2001 conviction for attempted distribution of cocaine, Jones contended that the state of Maryland failed to appoint counsel although he was indigent and did not waive counsel. ECF No. 53 Attach. 6 at 4. Now, Jones admits that he "fail[ed] to contact[] and enlist[] the aid of the Public Defender" before his trial date. ECF No. 53 at 5-6. During the plea colloquy for the 2001 conviction, the Circuit Court for Baltimore City told Jones that the "District Court judge had ruled that you waived your right to counsel." ECF No. 57 Attach. 3 at 8:12-13. A Public Defender stood with Jones as a friend of the Court and spoke for him. *Id.* at 8:8-10.

4

unsuccessful coram nobis petitions. *Id.* at 6:19-25, 7:1-8. The
Court concluded that Jones had 16 criminal history points,
qualified as a career offender, and was subject to enhancements
under the Armed Career Criminal Act ("ACCA") and related
guideline.[4]  *Id.* at 4:8-11.

Jones's total offense level was 31, and his criminal
history category was VI, yielding an advisory sentencing
guidelines range of 188 to 235 months imprisonment. U.S.S.G.
CH. 5, Pt. A (sentencing table). Because he was subject to
ACCA, Jones's statutory mandatory minimum sentence was 15 years.[5]
The Court sentenced Jones to concurrent 188 month sentences.
ECF No. 34.

Jones claims that he "instructed counsel to appeal
challenging the propriety of his Armed Career Criminal and
Career Offender designations. Defense counsel informed . . .
Jones that he would. Notwithstanding, no appeal was filed."
*Id.* at 2 (internal citations omitted). Jones testified that
immediately after being sentenced, he spoke with Smith in the

---

[4] According to the Pre-sentence report ("PSR"), which the Court
adopted, the 1999, 2001, and 2004 convictions were predicates
for ACCA and for the career offender enhancement. The 2000
conviction, for possession with intent to distribute marijuana,
was a predicate for the career offender enhancement, not the
ACCA because it carried a maximum sentence of five years, and an
ACCA drug offense predicate must have a maximum sentence of 10
years or more. PSR at 13 (sealed); 18 U.S.C. § 924(e)(2)(A).

[5] Had he not been subject to ACCA, his drug conviction mandatory
minimum would have been five years. 21 U.S.C. § 841(b)(1)(B).

courthouse.  Jones testified he then specifically told Smith to appeal the sentence.  Jones said that he also spoke with Smith on the phone during the week after he was sentenced and told Smith to "come see [Jones] so we can talk about the appeal."

Smith testified that he had 50 to 60 open criminal cases when he was representing Jones.  He remembered unsuccessfully challenging Jones's state court convictions through coram nobis petitions and remembered that after sentencing, he discussed with Jones the likelihood of success on appeal and that Jones had waived many of his appeal rights.  He testified that, if Jones had asked, he would have filed an appeal despite the waiver.  He did not "remember being specifically asked to appeal," but he remembered that Jones told him he did not think he should have been designated an Armed Career Criminal.  Smith remembered trying to explain to Jones why, even if he had not been deemed an Armed Career Criminal, his sentence probably would have been the same.  Smith had no notes of or letters from Jones requesting an appeal in his files.

On June 8, 2010, Jones wrote to the Fourth Circuit, asking whether Smith had filed an appeal on his behalf.  ECF No. 40. The Fourth Circuit forwarded the letter to the District of Maryland; on June 28, 2010, it was docketed as a notice of appeal.  *Id.*  On January 24, 2011, the Fourth Circuit dismissed

the appeal as untimely.  ECF No. 51.  The dismissal was
effective on February 15, 2011.  ECF No. 52.

On March 10, 2011, Jones moved to vacate his sentence.  ECF
No. 53.  On June 23, 2011, he moved for a hearing.  ECF No. 59.
On August 11, 2011, the Court appointed Sicilia Englert, Esq.,
to represent Jones on the motion.  ECF Nos. 60-62.  She
supplemented the briefings.  ECF Nos. 65, 67.  The government
opposed the motion to vacate.  ECF Nos. 57, 66.  The hearing was
held on February 23, 2012.

II.  Analysis

Jones argues that (1) he received ineffective assistance of
counsel because Smith failed to object to the Court's use of an
uncounseled prior conviction in the criminal history calculation
and file an appeal when Jones asked him to do so, and (2) the
Court improperly concluded that his resisting arrest conviction
was a crime of violence.  ECF No. 53 at 2-5.

A.  Ineffective Assistance of Counsel

The Sixth Amendment guarantees the effective assistance of
counsel.  *Strickland v. Washington*, 466 U.S. 668, 686 (1984).
To prove ineffective assistance, Jones must show: (1) counsel's
performance was deficient and (2) the deficiency prejudiced his
defense.  *Id.* at 687.  To show deficient performance, Jones must
establish that counsel made errors so serious that the "rep-

7

resentation fell below an objective standard of reasonableness." *Id.* at 688.

To show prejudice, he must demonstrate a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Because Jones argues that the sentence--rather than the conviction--was imposed without effective assistance of counsel, he must show that his sentence would have been less if counsel had not erred. *United States v. Breckenridge*, 93 F.3d 132, 136 (4th Cir. 1996).[6] Counsel's failure "to object to an improper application of the sentencing guidelines may amount to ineffective assistance." *Id.*

Jones contends that Smith was ineffective for failing to file an appeal of Jones's sentence. ECF No. 65 at 8.

An attorney must file an appeal when his client "unequivocally instruct[s]" him to do so. *United States v.*

---

[6] When a defendant who pled guilty challenges his conviction or the *imposition* of sentence, the focus is whether counsel's "performance affected the outcome of the plea process." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). That defendant must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* Here, Jones challenges only his attorney's performance at sentencing and failure to appeal, so the test is whether the sentence would be shorter (and whether he would have appealed). *See United States v. Tucker*, 603 F.3d 260, 267 (4th Cir. 2010) (applying *Breckenridge* standard to challenge to sentence imposed on guilty plea); *Tilghman v. United States*, No. 08-831, 2008 WL 4372812 at *2 (D. Md. Sep. 18, 2008).

*Poindexter*, 492 F.3d 263, 269 (4th Cir. 2007); *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000). If so instructed, an attorney is required to file an appeal even if (1) the client has waived his right to appeal, and (2) it would be harmful to the client's interests. *Poindexter*, 492 F.3d at 273.

In most cases, counsel must consult with his client about an appeal. *Roe*, 528 U.S. at 481. "[C]ounsel has a constitutionally imposed duty to consult . . . when there is reason to think either (1) that a rational defendant would want to appeal . . . , or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing."[7] *Id.* at 480. An attorney who consults with his client and is not instructed to appeal is not deficient when he fails to appeal. *Id.* at 478.

When counsel has been unequivocally instructed but fails to file a timely notice of appeal, "prejudice is presumed because it results in the 'forfeiture' of the appellate proceeding." *Poindexter*, 492 F.3d at 268. If a defendant did not instruct his attorney to appeal, and his attorney did not consult with him about it, the "defendant must demonstrate that there is a

---

[7] In making this determination, courts consider the information counsel knew or should have known, such as whether the conviction was the result of a trial or guilty plea. *Roe*, 528 U.S. at 480. When there is a plea, courts consider whether the defendant received the bargained for sentence, and whether the plea agreement waived appeal rights. *Id.*

reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." *Roe*, 528 U.S. at 484; *Poindexter*, 492 F.3d at 268-69. The question is whether the defendant would have appealed, not whether his appeal would have been successful. *Roe*, 528 U.S. at 486.

Section 2255 provides for an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Thus, "[w]hen a colorable Sixth Amendment claim is presented, and . . . material facts are in dispute involving inconsistencies beyond the record, a hearing is necessary." *United States v. Magini*, 973 F.2d 261, 264 (4th Cir. 1992).

Jones states that he "instructed counsel to appeal challenging the propriety of his Armed Career Criminal and Career Offender designations. Defense counsel informed . . . Jones that he would. Notwithstanding, no appeal was filed." ECF No. 53 at 2 (internal citations omitted).

The record shows that Jones pled guilty and waived his right to appeal a sentence "within . . . the adjusted base offense level of . . . 31 if [he] is a career offender or an armed career criminal." ECF No. 46 at 15:22-25, 16:1-16; ECF No. 22 ¶11.

10

The hearing made clear that (1) Jones unequivocally remembers asking Smith to appeal, and Smith did not remember Jones's request but could not say he remembered that Jones did *not* request an appeal, and (2) Jones's dissatisfaction with his ACCA status immediately after sentencing reasonably demonstrated to Smith that he "was interested in appealing." *See Flores-Ortega*, 528 U.S. at 480.  Accordingly, the Court will grant Jones a belated appeal of his sentence.

B.    Other Claims

As Jones will receive appellate review of his sentence, the Court will not review his other arguments at this time.

III. Conclusion

For the reasons stated above, Jones will be permitted to appeal his sentence.  The Court will not reach his other arguments.

2/29/12
Date

_____
William D. Quarles, Jr.
United States District Judge

11